**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. [7] ALEXANDER RIVERA-CASIANO, **Defendant.** | **NO. 23-114-7 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is a *Motion in Limine* concerning the use of Federal Bureau of Investigation ("FBI") 302s filed by the United States of America (the "United States" or the "Government") against Defendant Alexander Rivera-Casiano ("Defendant" or "Rivera"). (Docket No. 1005). Having considered the response in opposition thereto, and for the reasons outlined below, the Court hereby **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** the Government's *Motion in Limine*.

**I.   ANALYSIS**

The Government seeks to bar Defendant from using FBI 302s-- interview summaries prepared by FBI agents--as "statements of the person interviewed" under the Jencks Act. (Docket No. 1005 at 1). The Government argues that a "statement" under the Jencks Act includes only written statements signed, adopted, or approved by the witness; substantially verbatim contemporaneous recording; or

Criminal No. 23-114-7 (RAM)                                              2

grand jury testimony. Id. at 1-2. Since FBI 302s do not fall into these categories, the Government requests the Court to preclude the defense from introducing the contents of FBI 302s as prior inconsistent statements, publishing them to the jury, or otherwise suggesting that the reports are the witnesses' own statements. Id. at 4-6.

For his part, Defendant argues that the Government improperly converts a Jencks Act production rule into a broad evidentiary prohibition. (Docket No. 1019 at 1-2). Defendant contends that: under Fed. R. Evid. 612, FBI 302s may be used to refresh a witness' recollection; under Fed. R. Evid. 801, a witness may adopt the contents of an FBI 302; and opposing parties are permitted to cross-examine a witness about the substance of his statement or impeach the witness by calling up an agent who prepared the FBI 302. Id. at 2-6.

The Government correctly recognizes that under binding First Circuit precedent, FBI 302s are not generally deemed to be Jencks Act "statements." *See, e.g.*, United States v. Foley, 871 F.2d 235, 238-40 (1st Cir. 1989). While FBI 302s do not fall under the Jencks Act's compelled production category, the Government has admitted that it has already voluntarily disclosed the FBI 302s for its witnesses. (Docket No. 1005 at 4). The relevant question now is how the Federal Rules of Evidence govern their use at trial.

Under recent First Circuit precedent not cited by either party, the introduction of FBI 302s **as extrinsic evidence** of prior inconsistent statements under Fed. R. Evid. 613(b) is disfavored. United States v. Matta-Quinones, 140 F.4th 1, 22-23 (1st Cir. 2025). More precisely, the Circuit has ruled against the "admissibility of a document purporting to memorialize a witness's prior inconsistent statement when the document is authored by someone other than said witness." Id. at 23. The Circuit "requires the proponent of such a document to show that the document is a substantially verbatim transcription, in the witness's own words, or signed, adopted, or subscribed by the witness." Id. Thus, the Government's request is **GRANTED IN PART** in that Defendant may not introduce or publish an FBI 302 as an exhibit at trial without first laying a foundation that the summary reflects the witness' own words or that the witness signed, adopted, or subscribed to it. Id.

However, Matta-Quinones does not support a prohibition as sweeping as the one sought by the Government. The Circuit has held that a witness' prior oral statement, including one memorialized in an FBI 302, "may be the subject of cross-examination and whether [it] happens to have been recorded in writing should not limit counsel from simply asking the witness about that statement." Id. (internal quotation marks and citation omitted). District courts are not permitted to "cut off all attempts by defense counsel" to

question witnesses about statements recorded in FBI 302s. Id. This distinction is in line with earlier authorities from this District, which held that "an indiscriminate prohibition of memoranda prepared by law enforcement agents (*i.e.* 302s) for impeachment purposes contravenes authoritative precedent." United States v. Diaz-Colon, 640 F. Supp. 3d 219, 222 (D.P.R. 2022); *see also* Pagan-Romero v. United States, 2022 WL 15523367, at *6 (D.P.R. 2022).

Moreover, there is also "no strict rule" in this Circuit against referring to or reading from an FBI 302, even when it is not shown that the witness signed or adopted it. Matta-Quinones, 140 F.4th at 24 (noting that "cross-examination questions that quote from a document are not always improper attempts to introduce the document itself into evidence").

Therefore, even if the witness has not signed or adopted the FBI 302, the Court will permit Defendant's counsel to cross-examine the witness about oral statements made during a past interview and memorialized in the document. Counsel may consult the document, have it at the lectern, and quote from it verbatim in framing impeachment questions. The Court imposes no categorical restriction on counsel's ability to read from, quote, or use the FBI 302.

However, the impression of a written document prepared by FBI agents or other United States government representatives creates a significant risk of misleading the jury or granting the alleged

prior oral statement added weight. This risk arises because the alleged oral assertion appears to have been officially recorded by an agent cloaked with the credibility of the Government. Accordingly, unless the Court rules otherwise outside the jury's presence, Defendant's counsel is not permitted to refer to the FBI 302 as a "government report," "FBI report," "official document," or the like. Defendant's counsel is similarly not permitted to formulate questions that use phrases such as "the FBI report says," "the government recorded," or "that appears in an official report." The permissible focus is on the alleged prior oral statement, not on the prestige or perceived reliability of the paper on which it was memorialized. Hence, Defendant's counsel is permitted to pose impeachment questions by quoting the alleged past oral statement and asking whether the witness made that statement during an interview. For the same reasons, Defendant's counsel may not wave, hold up, display, or otherwise use the document in a manner that invites the jury to treat the document itself as having heightened credibility or importance.

Because it is overbroad, the Court **DENIES WITHOUT PREJUDICE** the Government's request that Defendant be barred from referencing statements in the FBI 302s for impeachment purposes or from suggesting to the jury that those statements constitute the witness' past oral assertions. Nevertheless, Defendant must respect the limitations on the use of FBI 302s outlined above.

Criminal No. 23-114-7 (RAM)                                          6

## II.  CONCLUSION

For the foregoing reasons, the Government's request is **GRANTED IN PART** in that Defendant may not introduce or publish an FBI 302 as an exhibit at trial without first laying a foundation that the document is a substantially verbatim transcription, in the witness's own words or that the witness signed, adopted, or subscribed to it. Moreover, Defendant may not refer to an FBI 302 as a "government report," "FBI report," "official document," or the like. Defendant's counsel is similarly not permitted to formulate questions using phrases such as "the FBI report says," "the government recorded," or "that appears in an official report." Lastly, Defendant's counsel may not wave, hold up, display, or otherwise use the document in a manner that invites the jury to treat the FBI 302 itself as particularly important.

Nevertheless, the Court declines to institute any other blanket pretrial ban on the impeachment-related use of FBI 302s. Because it is overbroad, the Court **DENIES WITHOUT PREJUDICE** the Government's request that Defendant be barred from referencing statements memorialized in the FBI 302s for impeachment purposes or from suggesting to the jury that they constitute the witness' past oral assertions (where supported by the trial record).

While Defendant must show that an FBI 302 "is reasonably attributable to" a witness before it can "introduce the Form 302 as an exhibit," Defendant is nevertheless permitted to cross-

examine the witness "about prior statements he made to federal agents, including those recorded in the Form 302, without such a showing." Matta-Quinones, 140 F.4th at 25.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of July 2026.

s/Raúl M. Arias-Marxuach_____
UNITED STATES DISTRICT JUDGE