**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  **Plaintiff,**<br><br>  v.<br><br>[7] ALEXANDER RIVERA-CASIANO,<br><br>  **Defendant.** | **NO. 23-114-7 (RAM)** |

<u>**MEMORANDUM AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are two motions in limine filed by the United States of America (the "United States" or the "Government") covering a range of potential arguments at trial. (Docket Nos. 1006, 1007). Having considered Defendant Alexander Rivera-Casiano ("Defendant" or "Rivera")'s responses in opposition thereto, and for the reasons outlined below, the Court hereby **DENIES WITHOUT PREJUDICE** the Government's *Motion in Limine* at Docket No. 1006 and **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** the Government's *Motion in Limine* at Docket No. 1007.

## I.   DOCKET NO. 1006

The first of the aforementioned motions concerns the Government's attempt to bar Defendant from using "trying-the-investigation" arguments that, in its telling, argue based on the use or neglect of particular forensic techniques or the absence of testing on a particular item. (Docket No. 1006 at 1). The

Government cites First Circuit precedent deeming such arguments to be both highly prejudicial to the Government and largely lacking in probative weight. Id. at 2.

For his part, Defendant argues that the Government improperly seeks a blanket prohibition on an entire category of cross-examination. (Docket No. 1020 at 1-3). Defendant contends that the absence of certain investigative techniques or testing may be relevant where it bears on the reliability, completeness, or weight of specific evidence the Government intends to introduce. Id. at 7-9. Defendant further points to case law, from this District and elsewhere, allowing the introduction of evidence of "sloppy" police work and investigative lapses. Id. at 9. Accordingly, Defendant requests that the Court deny the motion and address any objections to specific lines of questioning at trial. Id. at 9-10.

This Circuit and District indeed mandate that a defendant may not convert his criminal trial into a far-ranging inquiry into the minute decisions of the government or law enforcement investigation. See, e.g., United States v. Patrick, 248 F.3d 11, 22 (1st Cir. 2001), overruled on other grounds by United States v. Salvador-Gutierrez, 128 F.4th 299 (1st Cir. 2025) ("the phrase 'inadequacy of the police investigation' is too broad and itself says nothing about the relevance of the proffered evidence. Merely showing that an investigation is sloppy does not establish

relevance"); United States v. Trinidad-Nova, 2026 WL 84174, at *2 (D.P.R. 2026) (citing id.). Hence, the Government may object at trial should Defendant attempt to initiate a far-ranging inquiry into the minute decisions of investigators.

Nevertheless, the present request is overbroad. The Circuit has recognized that the "inadequacy of police investigation" evidentiary category "covers a variety of different problems and cuts across the full spectrum of relevant and irrelevant evidence." Patrick, 248 F.3d at 22. Courts in this District have held that the "efficacy of a criminal investigation may . . . sometimes be relevant to the ultimate issue of guilt in a case." Trinidad-Nova, 2026 WL 84174, at *2 (citation modified). A blanket order condemning all discussion of investigative steps risks excluding much relevant evidence.

Because it is overbroad, the Court **DENIES WITHOUT PREJUDICE** the Government's demand that its investigative techniques not be questioned. As courts in this District have held before, the Government remains free to challenge "the admissibility of any trying-the-investigation evidence . . . presented in the context of trial." Trinidad-Nova, 2026 WL 84174, at *2.

## II.  DOCKET NO. 1007

The second of the aforementioned motions is the Government's omnibus filing seeking the exclusion of five categories of evidence.

As a threshold matter, the Court reiterates its finding at Docket No. 1023 that Defendant's *Response* includes a number of proposed restrictions on the Government seeking affirmative relief beyond the scope of responding to the Government's *Motion in Limine*. (Docket No. 1021 at 8, 10-11). Specifically, Defendant requests restrictions concerning: (1) appeals to the jury as the conscience of the community or references tying the case to neighborhood violence or drug trafficking in Puerto Rico; (2) brandishing or commenting on the "fearsomeness" of weapons before the jury; (3) vouching; (4) references to facts not in evidence; (5) comments on Defendant's decision not to testify; and (6) impugning defense counsel. Id. Under Local Rule 112, motion practice in criminal cases is subject to Local Rule 7 unless otherwise specified. Local Rule 7(a) requires matters submitted for the Court's consideration to be presented by written motion. New requests for affirmative relief should not be raised in an opposition. As a result, the Court has given the Government further time to file a brief response to Defendant's six improperly placed requests. (Docket No. 1023).

Nevertheless, the Court proceeds to examine the requests properly before it: the Government's petitions for the exclusion of five categories of evidence, as well as Defendant's related reciprocal petitions.

## A. Jury nullification, the "Golden Rule," and penalties

Defendant explicitly states that he "conceptually concurs with the Government's petition as to jury nullification, the Golden Rule argument, and the penalty argument." (Docket No. 1021 at 1).

Defendant may not make open jury nullification arguments, argue about the severity of the punishment, or ask jurors to put themselves in his shoes. The First Circuit has made clear that a juror's duty is to apply the law, and that the Court and counsel should not "encourage jurors to exercise their power to nullify." United States v. Bunchan, 626 F.3d 29, 34 (1st Cir. 2010); *see also* United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993). The Supreme Court has recognized that the jury has no sentencing function and that it is not to consider the consequences of its verdict. *See* Shannon v. United States, 512 U.S. 573, 579 (1994) ("[i]t is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.' The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged . . . [i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task") (citation omitted); *see also* United States v. Manning, 79 F.3d 212, 219 (1st

Criminal No. 23-114-7 (RAM)                                                    6

Cir. 1996) ("[a]n attorney's attempt to achieve the [end of instructing the jury to nullify] indirectly, by arguing the severity of the punishment to the jury, is equally impermissible").

Therefore, the Court **GRANTS** the United States' *Motion in Limine* at Docket No. 1007 as it relates to jury nullification, the "Golden Rule," and possible penalties Defendant faces if convicted. Reciprocally, the Court **GRANTS** Defendant's request that the Government be barred from: (a) telling the jury that a non-conviction would amount to a violation of its oath or would constitute a dereliction of its duty; and (b) asking the jurors to stand in the victim's shoes. *See, e.g.*, Taylor v. Medeiros, 983 F.3d 566, 574 (1st Cir. 2020) ("[A] reference to the jury's oath was undisputedly improper under clearly established federal law as determined by the Supreme Court."); United States v. Young, 470 U.S. 1, 5-6 (1985); Forrestal v. Magendantz, 848 F.2d 303, 309 (1st Cir. 1988) ("This so-called Golden Rule argument has been universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.") (internal quotation marks and citation omitted).

## B. Reasonable doubt in closing argument

The Government quotes the First Circuit's warnings against defining "reasonable doubt" to suggest that Defendant should be precluded from doing so at closing argument. (Docket No. 1007 at

Criminal No. 23-114-7 (RAM)                                              7

1-2). Defendant replies that the Government's request conflates an improper attempt to define reasonable doubt with the supposedly permissible act of applying the Court's reasonable doubt instruction to the evidence presented at trial. (Docket No. 1021 at 3-4). Defendant states that he does not intend to offer a competing definition of reasonable doubt and agrees that the Court's instruction will control. Id. However, Defendant argues that he should remain free to identify evidentiary gaps and argues that the Government should also be restricted from offering an erroneous definition of the burden. Id.

The Circuit's clear precedent teaches that counsel should not define reasonable doubt or provide the jury with an alternative formulation of the standard. United States v. Ademaj, 170 F.3d 58, 66 (1st Cir. 1999) ("We have taken the position that most efforts at clarification of the meaning of 'reasonable doubt' result in further obfuscation of the concept, thus an instruction which uses the words reasonable doubt without further definition adequately apprises the jury of the proper burden of proof.") (citation modified). Thus, **neither party** may redefine reasonable doubt or otherwise offer a formulation separate from the Court's charge.

Such a prohibition against redefining reasonable doubt evidently does not include a prohibition on applying the standard to the evidence at trial; contextualizing the reasonable doubt standard in light of the evidence and facts is the very function

of closing argument. *See, e.g.*, <u>United States v. Rodriguez-Kelly</u>, 2024 WL 4263024, at *2 (D.P.R. 2024) ("[T]he Court clarifies the parties may *contextualize* the application of the reasonable doubt standard as to the evidence and facts, as Defendant implores this Court. However, both parties are strictly prohibited from *defining* reasonable doubt.") (emphases in original).

The Government's request to preclude Defendant from redefining reasonable doubt or offering an alternative formulation of the standard during closing argument is **GRANTED**. However, Defendant is not barred from arguing, based on the evidence available and the Court's instructions, that the Government failed to prove the charged offenses beyond a reasonable doubt. Reciprocally, the Court **GRANTS** Defendant's request for the Government to be barred from redefining reasonable doubt or offering an alternative formulation of the standard during closing argument.

## C. Non-testifying witnesses

The Government petitions that Defendant be precluded from asking the jury to draw any inferences based on potential witness' failure to testify. (Docket No. 1007 at 2). The Government also requests that it be permitted to note that Defendant enjoys subpoena power. <u>Id.</u> Defendant responds by agreeing that neither party may speculate as to what a non-testifying witness would have said, but argues that the restriction must apply symmetrically and

cannot be used to shift the burden of proof. (Docket No. 1021 at 5-7). Moreover, Defendant maintains that commenting on the absence of witnesses in the context of asserting that the burden of proof has not been met is permissible in this Circuit. Id. at 5.

The Court agrees with both parties in part. Neither party may tell the jury what a non-testifying witness would have said had that witness testified. United States v. López, 380 F.3d 538, 546-47 (1st Cir. 2004) ("The prosecution is not permitted to tell the jury what witnesses who did not testify would have said had they testified.").

However, the First Circuit has long permitted limited comment on the absence of witnesses other than Defendant, so long as the Government does not speculate as to the substance of the missing testimony or shift the burden of proving his innocence onto Defendant. See United States v. Diaz-Diaz, 433 F.3d 128, 135 (1st Cir. 2005) ("[A] prosecutor is not entirely forbidden from commenting on the defendant's failure to produce evidence supporting the defendant's stated theory.") (citing United States v. Kubitsky, 469 F.2d 1253, 1255 (1st Cir. 1972)); United States v. Jimenez-Torres, 435 F.3d 3, 12 (1st Cir. 2006) ("Attorneys may not argue that the jury should draw an inference against an opponent where the opponent does not present witnesses that are available to both parties. We recently distinguished this situation from a case where the defense highlights missing proof

to argue that there was insufficient evidence of the defendant's guilt . . . we held that defense counsel's identification of missing witnesses to argue evidentiary insufficiency was a proper argument") (citations omitted).

Hence, parties may permissibly comment on evidentiary gaps; they may not improperly suggest that Defendant bore a burden to call witnesses to prove his innocence or invite the jury to speculate about what an absent witness would have said.

Because it is overbroad, the Court only **GRANTS IN PART** the Government's request that Defendant be barred from arguing any inference from witness' failure to testify. Neither party may speculate as to what a non-testifying witness would have said had that witness testified. Defendant is not precluded from arguing that the Government failed to present sufficient evidence or failed to call witnesses necessary to satisfy its burden beyond a reasonable doubt. The Court **DENIES WITHOUT PREJUDICE** the Government's request to mention Defendant's subpoena power in advance. United States v. Diaz-Castro, 752 F.3d 101, 112 (1st Cir. 2014) ("Contrary to the government's contention, its comments were improper: made in the context of a speaking objection before the jury and entailing an incomplete statement of the law, they suggested to the jury that the defense had to call any witnesses it felt were missing.").

Criminal No. 23-114-7 (RAM)                                            11

### III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES WITHOUT PREJUDICE** the Government's *Motion in Limine* at Docket No. 1006 and **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** the Government's *Motion in Limine* at Docket No. 1007. Because it is overbroad, the Court **DENIES WITHOUT PREJUDICE** the Government's demand that its investigative techniques not be questioned.

The Court **GRANTS** the United States' *Motion in Limine* at Docket No. 1007 as it relates to jury nullification, the "Golden Rule," and possible penalties Defendant faces if convicted. Reciprocally, the Court **GRANTS** Defendant's request that the Government be barred from: (a) telling the jury that a non-conviction would amount to a violation of its oath or would constitute a dereliction of its duty; and (b) asking the jurors to stand in the victim's shoes.

The Government's request to preclude Defendant from redefining reasonable doubt or offering an alternative formulation of the standard during closing argument is **GRANTED**. However, Defendant is not barred from arguing that the Government failed to prove the charged offenses beyond a reasonable doubt. Reciprocally, the Court **GRANTS** Defendant's request for the Government to be barred from redefining reasonable doubt or offering an alternative formulation of the standard during closing argument.

Criminal No. 23-114-7 (RAM)                                                    12

Lastly, because it is overbroad, the Court only **GRANTS IN PART** the Government's request that Defendant be barred from arguing any inference from witness' failure to testify. Neither party may speculate as to what a non-testifying witness would have said had that witness testified. Defendant is not precluded from arguing that the Government failed to present sufficient evidence or failed to call witnesses necessary to satisfy its burden beyond a reasonable doubt. The Court **DENIES WITHOUT PREJUDICE** the Government's request to mention Defendant's subpoena power in advance.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of July 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE