**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br>v.<br>[7] ALEXANDER RIVERA-CASIANO,<br>**Defendant.** | **NO. 23-114-7 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the Defendant Alexander Rivera-Casiano's (the "Defendant") *Motion* requesting judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33 (the "*Rule 29 Motion*") as well as the United States of America's (the "Government") *Motion* to *Dismiss* Counts Two and Three of the First Indictment pursuant to Fed. R. Crim. P. 48 (the "*Amended Motion*") and Defendant's corresponding response in opposition. (Docket Nos. 1083, 1103, and 1108 respectively). For the following reasons, the Court hereby **GRANTS** the United States' *Motion to Dismiss* Counts Two and Three of the First Indictment **WITH PREJUDICE**. As a result, Defendant may not be reindicted on those Counts.

Defendant's *Motion* requesting judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33 is therefore **DISMISSED AS MOOT**.

## I. BACKGROUND

On July 31, 2026, after a twelve-day trial, the jury returned its verdict. As to Count Two (possession with intent to distribute heroin) and Count Three (possession with intent to distribute cocaine base), the jury marked "Guilty." (Docket No. 1077 at 6-8). But each count included a special interrogatory that required the jury to find "the quantity of drugs involved," to which the jury marked "None" for both Counts. Id. Since the jury found no quantity of drugs was involved, Defendant moved to be acquitted of both Counts or, in the alternative, for a New Trial under Fed. R. Crim. P. 33. (Docket No. 1083).

Instead of filing an opposition, the Government filed its initial *Motion to Dismiss Counts Two and Three of the Indictment*, moving under Fed. R. Crim. P. Rule 48(a) ("Rule 48(a)") for leave to dismiss both Counts without prejudice. (Docket No. 1101). Shortly thereafter, the Government filed its *Amended Motion*. (Docket No. 1103). The *Amended Motion* still requested dismissal of Counts Two and Three of the indictment but became silent as to whether the dismissal is with or without prejudice. Id. Moreover, the Government's stated grounds for dismissal became "Given the verdict reached by the jury in this case." Id.

Since a dismissal without prejudice would allow the Government to reindict Defendant, he sought relief by opposing the *Amended Motion* and requesting the Court either first adjudicate

the *Rule 29 Motion* or, in the alternative, grant the amended motion to dismiss Counts Two and Three *with* prejudice. (Docket No. 1108 at 14). The Government did not file a response.

## II. DISCUSSION

The Court will first discuss the Government's *Amended Motion* to dismiss Counts Two and Three of the indictment. It will then turn to Defendant's *Rule 29 Motion* for acquittal.

### A. Rule 48(a)[1]

Rule 48(a) permits the Government to dismiss an indictment with the court's permission. Fed. R. Crim. P. 48(a). Permission should only be withheld under limited circumstances that are "clearly contrary to the public interest." Pena De La Cruz, 192 F.4th at *17. If the court grants permission to dismiss, it may determine whether the dismissal is with or without prejudice when the Government fails to specify. *See* Id.; United States v. Raineri, 42 F.3d 36, 43 (1st Cir. 1994). A dismissal is "'[c]ustomarily' without prejudice" unless that would be "clearly contrary to the public interest." Pena De La Cruz, 192 F.4th at *17-18 (quoting Raineri, 42 F.3d at 43). A dismissal is clearly contrary to public

[1] As a preliminary matter, though the Government's *Amended Motion* removes explicit mention of Rule 48(a), the Court interprets the dismissal to still be a voluntary dismissal under Rule 48(a) as that is the only authority under which the Government may dismiss individual counts of an indictment. *See* United States v. Pena De La Cruz, 192 F.4th 11, *15 (1st Cir. 2026) ("Rule 48(a) . . . governs dismissal of criminal indictments "[b]y the Government.").

interest "where dismissal without prejudice would raise a patent threat of unfairness to the defendant," including "prosecutorial harassment and prosecutorial bad faith"—among other "exceedingly narrow" circumstances that a court may identify. Id. at *18 (citing Raineri, 42 F.3d 36, 43); *see also* Rinaldi v. United States, 434 U.S. 22, 29 n.15 (1977) ("The principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."); United States v. Ammidown, 497 F.2d 615, 620 (D.C. Cir. 1973) (explaining the judiciary's role in indictment dismissals is "guarding against abuse of prosecutorial discretion").

Here, a dismissal *without* prejudice would allow the Government two bites at the prosecutorial apple. In this case, two bites would be clearly contrary to the public interest. To explain how the Court reached this conclusion, it will first discuss whether the proposed dismissal should be with or without prejudice. Once established, the Court will then determine whether to permit the dismissal.

If the dismissal is *without* prejudice, it would be clearly contrary to the public interest. For this conclusion, the Court need not identify new "exceedingly narrow" circumstances that "raise a patent threat of unfairness to the defendant." The First

Circuit has already found that a dismissal without prejudice would raise a patent threat of unfairness to the defendant when it would leave him exposed to be reindicted on the same counts to which he plead guilty. Raineri, 42 F.3d at 43. This gave rise to a patent threat of unfairness because, after pleading guilty, the defendant reasonably expected "that there will be no future trial on any of these counts." Id.

Like the Raineri defendant who would be exposed to unexpected potential future trial, a dismissal without prejudice in the present case would give rise to a patent threat of unfairness to Defendant because he would likewise be exposed to unexpected potential future trial. Defendant would reasonably not expect to be exposed to future trial on Counts Two or Three because Defendant's trial has concluded. The jury has given its verdict. But if the indictment is dismissed without prejudice, Defendant could be reindicted and brought before a jury *again*. In other words, a dismissal without prejudice would allow Defendant to be "twice put to trial for the same offense," which he would not reasonably expect because that would violate the United States Constitution's Double Jeopardy Clause. United States v. Suazo, 14 F.4th 70, 74 (1st Cir. 2021) (quoting Abney v. United States, 431 U.S. 651, 661 (1977) ("The Double Jeopardy Clause, U.S. Const. amend. V, cl. 2, protects not only against double punishment but also against being 'twice put to trial for the same offense.'").

Rule 48(a) dismissals were never meant to be a prosecutorial "reset button" when the Government dislikes a verdict. To the contrary, the United States Supreme Court noted that Rule 48(a)'s judicial permission requirement was specifically created "to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." Rinaldi, 434 U.S. at 29 n.15. Charging, dismissing, and a possibility of recharging over Defendant's objection is exactly the prosecutorial harassment Defendant would face if the jury verdict was effectively vacated by dismissing Counts Two and Three without prejudice. This would be particularly unfair to Defendant since he has already gone to trial, received a jury verdict, and therefore reasonably did not expect to be retried on these Counts. This is unfair to Defendant whether or not the Government actually reindicts Defendant after the dismissal because "[t]he prospect of reindictment therefore 'hangs like the proverbial Sword of Damocles over the accused.'" United States v. Adams, 777 F. Supp. 3d 185, 216 (S.D.N.Y. 2025); *see also* Green v. United States, 355 U.S. 184, 187–88 (1957) ("[T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that

even though innocent he may be found guilty.”). Therefore, a dismissal without prejudice would be clearly contrary to the public interest.

On the other hand, dismissal *with* prejudice would not be clearly contrary to public interest for two reasons. First, if dismissed with prejudice, the Government cannot reindict Defendant on Counts Two or Three. This removes the unfair exposure to reasonably unexpected future trial, as discussed above. Second, such a dismissal would not function as a “get-out-of-jail-free card” to effectively vacate the jury verdict. This is because even if the Court rejects the Government’s *Amended Motion*, Defendant will be acquitted on these Counts through his *Rule 29 Motion*. The jury found Defendant guilty of “possession with intent to distribute” cocaine and heroin—but for a quantity of “None.” (Docket No. 1077 at 6-8). Marking “None” makes it not only “logically incongruous to enter the jury verdict” but “metaphysically impossible” because one cannot be guilty of the possession with intent to distribute *nothing*. United States v. Shippley, 690 F.3d 1192, 1195 (10th Cir. 2012) (Gorsuch, J.) (affirming acquittal when the jury found the defendant guilty of conspiracy to distribute illegal drugs but marked on the special interrogatory that he conspired to distribute “no” quantity of drugs). When the jury’s special interrogatory answers are irreconcilably inconsistent with the verdict, meaning the special

interrogatory answer negates an essential element of the crime, *see* United States v. McBride, 962 F.3d 25, 34 (1st Cir. 2020), the appropriate remedy is acquittal. *See* United States v. Pierce, 940 F.3d 817, 823 (2d Cir. 2019) (affirming acquittal when the jury found the defendant guilty of conspiracy to possess with intent to distribute cocaine, marijuana, and heroin but marked "None" for each quantity). Therefore, the ultimate outcome is the same whether the Court grants a Rule 29 acquittal or the Rule 48 dismissal with prejudice: Defendant will not be convicted and sentenced for Counts Two or Three.

In sum, a dismissal with prejudice would not be clearly contrary to the public interest. Since judicial permission should only be withheld when dismissal would be clearly contrary to the public interest, the Government's *Amended Motion* is therefore **GRANTED** and Counts Two and Three of the indictment are hereby **DISMISSED WITH PREJUDICE.**

**B. Rule 29 & Rule 33**

As the Court has granted the Government's *Amended Motion* to dismiss both counts with prejudice, Defendant's request for judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33 is hereby **DISMISSED AS MOOT.**

## III. CONCLUSION

For the foregoing reasons, Defendant Alexander Rivera-Casiano's *Motion* requesting judgment of acquittal pursuant to Fed. R. Crim. P. 29 or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33 at Docket No. 1083 is **DISMISSED AS MOOT.** The Government's *Amended Motion* at Docket No. 1103 is hereby **GRANTED.** Counts Two and Three of the indictment are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of November 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE